Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No. 2:19-CV-10202 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGMENT** |
| v. | |
| SIA MIKROTĪKLS; MICROCOM TECHNOLOGIES, INC.; CREATIVE WIRELESS, INC.; and GLOBAL IT COMMUNICATIONS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Nomadix, Inc. ("Nomadix") hereby complains of Defendants SIA Mikrotīkls ("MikroTik"), Microcom Technologies, Inc. ("Microcom"), Creative Wireless, Inc. ("Creative Wireless"), Global IT Communications, Inc. ("Global IT"), and alleges as follows:

## I.  THE PARTIES

1.     Plaintiff Nomadix is a Delaware corporation that, as of the date of this Complaint, has its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

2.     Upon information and belief, Defendant MikroTik is a Latvian company that, as of the date of this Complaint, has an office address at Brivibas gatve 214i, Riga, LV-1039 LATVIA and a registered address at Aizkraukles iela 23, Riga, LV-1006 LATVIA.

3.     Upon information and belief, Defendant Microcom is a California corporation that, as of the date of this Complaint, has its principal place of business at 26635 Agoura Road, Suite 109, Calabasas, California, 91302.

4.     Upon information and belief, Defendant Creative Wireless is a California corporation that, as of the date of this Complaint, has its principal place of business at 2531 W 237th Street, Suite 102, Torrance, California, 90505.

5.     Upon information and belief, Defendant Global IT Communications is a California corporation that, as of the date of this Complaint, has its principal place of business at 6270 Bright Avenue, Whittier, California, 90601.

## II.  JURISDICTION AND VENUE

6.     This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and, more particularly, 35 U.S.C. §§ 271 and 281.

7.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.     Upon information and belief, Defendant MikroTik conducts business throughout the United States, including in this judicial district.

9.     Defendant MikroTik is subject to personal jurisdiction in this judicial district, at least because it has advertised (including through websites), offered to sell, sold, and/or distributed infringing products, and/or induced and/or contributed to the sale and use of infringing products in the United States, including in this judicial district. Defendant MikroTik has, directly or through its distribution network, purposefully placed infringing products into the stream of commerce knowing and expecting them to be purchased and used by consumers in the United States, including in this judicial district, and such infringing products actually have been purchased and used in the United States and in this judicial district. Defendant MikroTik's website directs customers in the United States to various United States-based distributors of its infringing products, including Defendant Microcom in this judicial district: https://mikrotik.com/buy/northamerica/usa.

10.     Upon information and belief, Defendant Microcom conducts business throughout the United States, including in this judicial district.

11.     Upon information and belief, Defendant Creative Wireless conducts business in this judicial district.

12.     Upon information and belief, Defendant Global IT Communications conducts business in this judicial district.

13.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). Upon information and belief, Defendant MikroTik is not resident in the United States and has committed acts of infringement in this Judicial District. MikroTik's website at https://mikrotik.com/buy states, "for purchases of Hardware or MikroTik RouterOS please contact our Official Distributors," and provides a telephone number and location for Microcom in Calabasas, California. Upon information and belief, MikroTik imports hardware and the MikroTik RouterOS into the United States, including imports to its official

distributor Microcom in this Judicial District. Upon information and belief, Defendants Microcom, Creative Wireless, and Global IT Communications reside and have committed acts of infringement within this Judicial District.

### III.  STATEMENT OF THE CASE

14.    This action seeks relief for the infringement of Nomadix's patents by Defendants.

### IV.  STATEMENT OF FACTS

15.    Nomadix is an industry pioneer and leader in the public access market. Wherever people go, they expect Internet access. Whether at a hotel, airport or a local coffee bar, for example, people want to check e-mail, log into social media platforms, and stream video. Although people take Internet access for granted these days, the ability to walk into any hotel or cafe and connect to the network regardless of a mobile device's network settings did not exist until the late 1990s, when Nomadix's founders, Dr. Leonard Kleinrock and Dr. Joel Short, invented a gateway device that could dynamically emulate a user's home network.

16.    Dr. Kleinrock's UCLA lab is widely considered the birthplace of the Internet because it was from that lab in 1969 that Dr. Kleinrock sent the first message over what is now known as the Internet to a computer at the Stanford Research Institute. By the '90s, Dr. Kleinrock's research focus had shifted from the basic infrastructure for the Internet to mobile or nomadic computing. Spurred by Dr. Kleinrock's vision of an Internet dominated by mobile computer users, Dr. Kleinrock and his former doctoral student, Dr. Short, founded Nomadix to develop the technology they foresaw would be crucial to making mobile network access ubiquitous.

17.    Today, network operators like hotels and cafes use Nomadix's innovative gateways not only to provide access to devices without reconfiguration, but also to control and customize mobile users' Internet access, which operators can

leverage to generate substantial revenue. Data traffic from cellular networks can also be offloaded to gateways to speed up the cellular network.

18.   Nomadix has successfully patented Dr. Kleinrock and Dr. Short's seminal innovations. Because Nomadix's technology is crucial to network operators, it has been widely copied by its competitors. Their attempts to challenge the patents at the U.S. Patent and Trademark Office ("PTO") and in court have repeatedly failed, and all who have challenged Nomadix's patents have either taken licenses or exited the market.

19.   Nomadix expended the technical and financial resources necessary to develop a strong patent portfolio to protect its innovations. Nomadix's intellectual property includes more than 150 issued patents and pending applications in over 15 countries. Many of Nomadix's patents cover fundamental operation and integration of network gateway devices that facilitate automatic redirection and transparent network access. Nomadix's inventions are used daily throughout the world to redirect users to login screens, charge users for network access, regulate bandwidth consumption, and provide network access to users with incompatible network settings. Nomadix's intellectual property is an important and valuable asset that protects Nomadix's considerable investments in innovations that have allowed it to develop, serve, and lead the public access market.

20.   On November 12, 2012, Nomadix notified Defendant MikroTik that, by importing into the United States, or by making, using, offering, or selling its network products in the United States, MikroTik is directly and indirectly infringing Nomadix patents. In particular, Nomadix charged that certain MikroTik products infringed at least the following Nomadix patents: U.S. Patent Nos. 7,194,554, 6,636,894, 8,156,246, 7,554,995, and 7,088,727. Upon information and belief, Defendant MikroTik has been aware of Nomadix's patents since at least 2012.

21.   MikroTik is a provider of networking products. MikroTik's 2019 Product Catalog is available at https://download2.mikrotik.com/catalog_2019.pdf.

As explained in the catalog, "MikroTik provides routing, switching and wireless equipment for all possible uses - from the customer location, up to high end data centres." MikroTik touts that there are millions of installations worldwide.

22.   Upon information and belief, MikroTik RouterOS is the operating system of MikroTik RouterBOARD hardware. It has features for an ISP, including routing, firewall, bandwidth management, wireless access point, backhaul link, hotspot gateway, VPN server and more. RouterOS is a stand-alone operating system based on the Linux kernel.

23.   MikroTik provides additional description of the RouterOS functionality in a document titled "What is RouterOS" available at https://i.mt.lv/files/pdf/instructions/what_is_routeros.pdf. That document states:

> The MikroTik HotSpot Gateway enables providing of public network access for clients using wireless or wired network connections. The user will be presented a login screen when first opening his web browser. Once a login and password is provided, the user will be allowed internet access.
>
> This is ideal for hotel, school, airport, internet cafe or any other public place where administration doesn't have control over the user computer. No software installati[o]n or network configuration is needed, hotspot will direct any connection request to the login form.
>
> Extensive user management is possible by making different user profiles, each of which can allow certain

uptime, upload and download speed limitation, transfer amount limitation and more.

Hotspot also supports authentication against standard RADIUS servers and MikroTik's own User Manager which will give you a centralized management of all users in your networks.

- Plug-n-Play access to the Network
- Authentication of local Network Clients
- User Accounting
- RADIUS support for Authentication and Accounting
- Configurable bypass for non-interactive devices
- Walled garden for browsing exceptions
- Trial user and Advertisement modes
- Plug-n-Play access to the Network
- Authentication of local Network Clients
- User Accounting
- RADIUS support for Authentication and Accounting
- Configurable bypass for non-interactive devices
- Walled garden for browsing exceptions
- Trial user and Advertisement modes

Upon information and belief, the foregoing excerpt accurately describes RouterOS.

24.     MikroTik periodically hosts user meetings in the United States, including a recent meeting in Austin, Texas on April 4-5, 2019.  Upon information and belief, the MikroTik User Meeting (MUM) is a conference on MikroTik

RouterOS software and RouterBOARD hardware, and includes presentations and demonstrations of technology by MikroTik and participants themselves.

25.     MikroTik Ethernet routers include hEX lite, hEX, hEX PoE lite, PwerBox, hEX S, hEX PoE, RB2011iL-IN, RB2011-iL-RM, PowerBox Pro, RB2011iLS-IN, RB2011UiAS-IN, RB2011UiAS-RM, RB3011UiAS-RM, RB4011iGS+RM, RB1100AHx4, RB1100AHx4 Dude Edition, CCR1009-7G-1C-PC, CCR1009-7G-1C-1S+PC, CCR1009-7G-1C-1S+, CCR1016-12G, CCR1016-12S-1S+, CCR1036-12G-4S, CCR1036-8G-2S+, CCR1036-12G-4S-EM, CCR1036-8G-2S+EM, and CCR1072-1G-8S+ (hereinafter "Mikrotik Routers").

26.     MikroTik switches and access points with wireless Ethernet include CRS109-8G-1S-2HnD-IN, CRS125-24G-1S-2HnD-IN, OmniTIK 5, hAP mini, hAP lite, hAP lite, hAP lite TC, mAP lite, cAP lite, mAP, hAP, wAP, wAP BE, wsAP ac lite, cAP, hAP ac lite, hAP ac lite TC, RB951Ui-2Hnd, cAP ac, hAP ac$^2$, RB951G-2HnD, wAP ac, wAP ac BE, RB2011UiAS-2HnD-IN, hAP ac, Audience, and RB4011iGS+5HacQ2HnD-IN (hereinafter "Mikrotik Wireless Products").

27.     Upon information and belief, Microcom is a wholesale distributor of electronic parts and electronic communications equipment. Microcom's website touts MikroTik as a featured brand and makes MikroTik Routers and MikroTik Wireless Products available for sale.

28.     Upon information and belief, Creative Wireless provides network installations that use MikroTik Routers and MikroTik Wireless Products.

29.     Upon information and belief, Global IT Communications provides network consulting services that help companies manage their network infrastructures. Upon information and belief, Global IT Communications provides network installations that use MikroTik Routers and MikroTik Wireless Products.

## V.  THE PATENTS-IN-SUIT

30.     Nomadix is the owner by assignment of U.S. Patent No. 7,194,554 entitled "Systems and methods for providing dynamic network authorization

authentication and accounting" ("the '554 patent"), which the United States Patent and Trademark Office issued on March 20, 2007. A true and correct copy of the '554 patent is attached hereto as Exhibit 1.

31.   Nomadix is the owner by assignment of U.S. Patent No. 6,636,894 entitled "Systems and methods for redirecting users having transparent computer access to a network using a gateway device having redirection capability" ("the '894 patent"), which the United States Patent and Trademark Office issued on October 21, 2003. A true and correct copy of the '894 patent is attached hereto as Exhibit 2.

32.   Nomadix is the owner by assignment of U.S. Patent No. 8,156,246 entitled "Systems and methods for providing content and services on a network system" ("the '246 patent"), which the United States Patent and Trademark Office issued on April 10, 2012. A true and correct copy of the '246 patent is attached hereto as Exhibit 3.

33.   Nomadix is the owner by assignment of U.S. Patent No. 7,554,995 entitled "System and method for establishing network connection with unknown network and/or user device" ("the '995 patent"), which the United States Patent and Trademark Office issued on June 30, 2009. A true and correct copy of the '995 patent is attached hereto as Exhibit 4.

34.   Nomadix is the owner by assignment of U.S. Patent No. 7,088,727 entitled "System and method for establishing network connection with unknown network and/or user device" ("the '727 patent"), which the United States Patent and Trademark Office issued on August 8, 2006. A true and correct copy of the '727 patent is attached hereto as Exhibit 5.

35.   The "Asserted Nomadix Patents" are the '554 patent, the '894 patent, the '246 patent, the '995 patent, and the '727 patent.

36.   Nomadix has manufactured and sold gateway devices covered by the Asserted Nomadix Patents, and has provided proper notice of the Asserted Nomadix Patents in accordance with 35 U.S.C. § 287(a).

# VI.  COUNT I:

## INFRINGEMENT OF U.S. PATENT NO. 7,194,554

37.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38.     MikroTik's products including at least the MikroTik Routers infringe at least Claim 17 of the '554 patent under at least 35 U.S.C. § 271(a), (b), and (c).

39.     Defendants have directly infringed one or more claims of the '554 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of networking devices, including the MikroTik Routers.

40.     For example, in operation, the MikroTik Routers include all of the limitations of Claim 17 of the '554 patent.

41.     Upon information and belief, the MikroTik Routers perform a method for redirecting a source attempting to access a destination through a gateway device, wherein the source is associated with a source computer, and wherein the gateway device enables the source to communicate with a network. For example, the following webpage describes redirecting a user to another URL (for example, to a login page):

https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot

42.     Upon information and belief, the MikroTik Routers receive at the gateway device a request from the source to access the network regardless of network configurations via a packet translation learned during a self-configuration and without requiring the source computer to include network software configured for the network. For example, the following MikroTik webpage states:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

-9-

First of all, a client have to get an IP address. It may be set on the client statically, or leased from a DHCP server. The DHCP server may provide ways of binding lent IP addresses to clients MAC addresses, if required. The HotSpot system does not care how client get an address before he/she gets to the HotSpot login page.

Moreover, HotSpot server may automatically and transparently change any IP address (yes, meaning really any IP address) of a client to a valid unused address from the selected IP pool. If a user is able to get his/her Internet connection working at their place, he/she will be able to get his/her connection working in the HotSpot network. This feature gives a possibility to provide a network access (for example, Internet access) to mobile clients that are not willing (or are disallowed, not qualified enough or otherwise unable) to change their networking settings. The users will not notice the translation (i.e., there will not be any changes in the users' config), but the router itself will see completely different (from what is actually set on each client) source IP addresses on packets sent from the clients (even the firewall mangle table will 'see' the translated addresses). This technique is called one-to-one NAT, but is also known as "Universal Client" as that is how it was called in the RouterOS version 2.8.

One-to-one NAT accepts any incoming address from a connected network interface and performs a network

address translation so that data may be routed through standard IP networks. Clients may use any preconfigured addresses. If the one-to-one NAT feature is set to translate a client's address to a public IP address, then the client may even run a server or any other service that requires a public IP address. This NAT is changing source address of each packet just after it is received by the router (it is like source NAT that is performed early in the packet path, so that even firewall mangle table, which normally 'sees' received packets unaltered, can only 'see' the translated address).

43. Upon information and belief, the MikroTik Routers identify the source based upon an attribute associated with the source. For example, the following webpage describes identifying the source based upon an attribute associated with the source:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot/Profile

44. Upon information and belief, the MikroTik Routers access a source profile database located external to the gateway device, the source profile database storing access rights of the source, such as described in the following webpages:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot/Profile
https://wiki.mikrotik.com/wiki/Manual:RADIUS_Client

45. Upon information and belief, the MikroTik Routers determine the access rights of the source based upon the identification of the source, wherein the

access rights define the rights of the source to access destination sites via the network, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot/Profile

46.    Upon information and belief, the MikroTik Routers direct the source to a redirection site when the source profile is not located within the source profile database, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

47.    Upon information and belief, Defendant MikroTik has knowledge of Nomadix's patents, including the '554 patent, at least based on receiving notice of patents in the same patent family in 2012. Upon further information and belief, through the knowledge of the '554 patent gained by monitoring Nomadix's patents, Defendant MikroTik knew or should have known that these activities would infringe. Defendant MikroTik also had knowledge of the '554 patent no later than the filing of this Complaint.

48.    Upon information and belief, Defendant MikroTik has actively induced others to infringe the '554 patent by marketing and selling the above MikroTik Routers, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '554 patent. To that end, Defendant MikroTik provides instructions and teachings to its customers and end users that such MikroTik Routers be used to infringe the '554 patent. Defendant MikroTik's acts constitute infringement of the '554 patent in violation of 35 U.S.C. § 271(b).

49.    Upon information and belief, Defendant MikroTik actively induces others to directly infringe the asserted claims of the '554 patent. By way of example only, upon information and belief, Defendant MikroTik actively induces direct

infringement of the '554 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of MikroTik Routers. Upon information and belief, Defendant MikroTik knew or should have known that these activities would cause direct infringement.

50. Upon information and belief, Defendant MikroTik's acts constitute contributory infringement of the '554 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant MikroTik contributorily infringes because, among other things, Defendant MikroTik offers to sell and/or sells within the United States, and/or imports into the United States, components of MikroTik Routers that constitute material parts of the invention of the asserted claims of the '554 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant MikroTik to be especially made or especially adapted for use in an infringement of the '554 patent.

51. Defendants Microcom, Creative Wireless, and Global IT are among the parties whose direct infringement MikroTik has induced or contributed to.

52. Upon information and belief, Defendant MikroTik's infringement of the '554 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '554 patent and its infringement thereof, thus acting in reckless disregard of Nomadix's patent rights.

53. Because of Defendants' infringement of the '554 patent, Nomadix has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

54. Upon information and belief, unless enjoined, Defendants, and/or others acting on behalf of Defendants, will continue their infringing acts, thereby causing additional irreparable injury to Nomadix for which there is no adequate remedy at law.

# VII.  COUNT II:

## INFRINGEMENT OF U.S. PATENT NO. 6,636,894

55.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54.

56.     MikroTik's products including at least the MikroTik Routers infringe at least Claim 1 of the '894 patent under at least 35 U.S.C. § 271(a), (b), and (c).

57.     Defendants have directly infringed one or more claims of the '894 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of networking devices, including the MikroTik Routers.

58.     For example, in operation, the MikroTik Routers include all of the limitations of Claim 1 of the '894 patent.

59.     Upon information and belief, the MikroTik Routers redirect an original destination address access request to a redirected destination address, such as described in the following webpages:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot

https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot

60.     Upon information and belief, the MikroTik Routers receive all original destination address access requests originating from a computer, determine which of the original destination address requests require redirection, store the original destination address if redirection is required, modify the original destination address access request, and communicate the modified request to a redirection server if redirection is required, such as described in the following webpages:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot

https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot

61.     Upon information and belief, the MikroTik Routers respond, at the redirection server, to the modified request with a browser redirect message that reassigns the modified request to an administrator-specified, redirected destination address, intercept, at the gateway device, the browser redirect message and modify it with the stored original destination address, and send the modified browser redirect message to the computer, which automatically redirects the computer to the redirected destination address, such as described in the following webpages:

> https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot
> https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot
> https://wiki.mikrotik.com/wiki/Manual:IP/Firewall/Filter

62.     Upon information and belief, Defendant MikroTik has knowledge of Nomadix's patents, including the '894 patent, at least based on receiving notice of patents in the same patent family in 2012. Upon further information and belief, through the knowledge of the '894 patent gained by monitoring Nomadix's patents, Defendant MikroTik knew or should have known that these activities would infringe. Defendant MikroTik also had knowledge of the '894 patent no later than the filing of this Complaint.

63.     Upon information and belief, Defendant MikroTik has actively induced others to infringe the '894 patent by marketing and selling the above MikroTik Routers, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '894 patent. To that end, Defendant MikroTik provides instructions and teachings to its customers and end users that such MikroTik Routers be used to infringe the '894 patent. Defendant MikroTik's acts constitute infringement of the '894 patent in violation of 35 U.S.C. § 271(b).

64.     Upon information and belief, Defendant MikroTik actively induces others to directly infringe the asserted claims of the '894 patent. By way of example

only, upon information and belief, Defendant MikroTik actively induces direct infringement of the '894 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of MikroTik Routers. Upon information and belief, Defendant MikroTik knew or should have known that these activities would cause direct infringement.

65.     Upon information and belief, Defendant MikroTik's acts constitute contributory infringement of the '894 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant MikroTik contributorily infringes because, among other things, Defendant MikroTik offers to sell and/or sells within the United States, and/or imports into the United States, components of MikroTik Routers that constitute material parts of the invention of the asserted claims of the '894 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant MikroTik to be especially made or especially adapted for use in an infringement of the '894 patent.

66.     Defendants Microcom, Creative Wireless, and Global IT are among the parties whose direct infringement MikroTik has induced or contributed to.

67.     Upon information and belief, Defendant MikroTik's infringement of the '894 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '894 patent and its infringement thereof, thus acting in reckless disregard of Nomadix's patent rights.

68.     Because of Defendants' infringement of the '894 patent, Nomadix has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

69.     Upon information and belief, unless enjoined, Defendants, and/or others acting on behalf of Defendants, will continue their infringing acts, thereby causing additional irreparable injury to Nomadix for which there is no adequate remedy at law.

# VIII.  COUNT III:

## INFRINGEMENT OF U.S. PATENT NO. 8,156,246

70.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69.

71.     MikroTik's products including at least the MikroTik Routers infringe at least Claim 9 of the '246 patent under at least 35 U.S.C. § 271(a), (b), and (c).

72.     Defendants have directly infringed one or more claims of the '246 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of networking devices, including the MikroTik Routers.

73.     For example, in operation, the MikroTik Routers include all of the limitations of Claim 9 of the '246 patent.

74.     Upon information and belief, the MikroTik Routers redirect a computer to a portal page, the computer being connected to the network management system by a network, such as described in the following webpages:

> https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot
>
> https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot

75.     Upon information and belief, the MikroTik Routers complete a connection handshake with the computer in a manner such that the network management system appears to be the external server, receive, at the network management system, an incoming request from the computer relating to accessing an external server, receive, at the network management system, incoming data from a redirection server, the incoming data identifying a portal page server to which the computer should be redirected, the portal page server being different from the external server, and send, from the network management system to the computer, an outgoing response based on the incoming data, the outgoing response configured to be responsive to the incoming request from the computer by including a source

address corresponding to the external server, whereby the outgoing response appears to have originated from the external server, and the outgoing response configured to cause the computer to initiate a second request for content from the portal page server, such as described in the following webpages:

https://wiki.mikrotik.com/wiki/Manual:IP/Hotspot

https://wiki.mikrotik.com/wiki/Manual:Customizing_Hotspot

76.    Upon information and belief, Defendant MikroTik has knowledge of Nomadix's patents, including the '246 patent, at least based on receiving notice of patents in the same patent family in 2012. Upon further information and belief, through the knowledge of the '246 patent gained by monitoring Nomadix's patents, Defendant MikroTik knew or should have known that these activities would infringe. Defendant MikroTik also had knowledge of the '246 patent no later than the filing of this Complaint.

77.    Upon information and belief, Defendant MikroTik has actively induced others to infringe the '246 patent by marketing and selling the above MikroTik Routers, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '246 patent. To that end, Defendant MikroTik provides instructions and teachings to its customers and end users that such MikroTik Routers be used to infringe the '246 patent. Defendant MikroTik's acts constitute infringement of the '246 patent in violation of 35 U.S.C. § 271(b).

78.    Upon information and belief, Defendant MikroTik actively induces others to directly infringe the asserted claims of the '246 patent. By way of example only, upon information and belief, Defendant MikroTik actively induces direct infringement of the '246 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of MikroTik

Routers. Upon information and belief, Defendant MikroTik knew or should have known that these activities would cause direct infringement.

79.     Upon information and belief, Defendant MikroTik's acts constitute contributory infringement of the '246 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant MikroTik contributorily infringes because, among other things, Defendant MikroTik offers to sell and/or sells within the United States, and/or imports into the United States, components of MikroTik Routers that constitute material parts of the invention of the asserted claims of the '246 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant MikroTik to be especially made or especially adapted for use in an infringement of the '246 patent.

80.     Defendants Microcom, Creative Wireless, and Global IT are among the parties whose direct infringement MikroTik has induced or contributed to.

81.     Upon information and belief, Defendant MikroTik's infringement of the '246 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '246 patent and its infringement thereof, thus acting in reckless disregard of Nomadix's patent rights.

82.     Because of Defendants' infringement of the '246 patent, Nomadix has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

83.     Upon information and belief, unless enjoined, Defendants, and/or others acting on behalf of Defendants, will continue their infringing acts, thereby causing additional irreparable injury to Nomadix for which there is no adequate remedy at law.

### IX.  COUNT IV:

### INFRINGEMENT OF U.S. PATENT NO. 7,554,995

84.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 83.

85.    MikroTik's products including at least the MikroTik Routers infringe at least Claim 1 of the '995 patent under at least 35 U.S.C. § 271(a), (b), and (c).

86.    Defendants have directly infringed one or more claims of the '995 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of networking devices, including the MikroTik Routers.

87.    For example, in operation, the MikroTik Routers include all of the limitations of Claim 1 of the '995 patent.

88.    Upon information and belief, the MikroTik Routers establish a communications path for a user host device through a foreign gateway, wherein the user host device is configured to communicate through a home gateway by using an IP address of the home gateway, and wherein the foreign gateway has an IP address different from the home gateway, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

89.    Upon information and belief, the MikroTik Routers receive an ARP request packet transmitted from the user host device over the communications path, wherein the ARP request packet includes at least a sender IP address that corresponds to an IP address of the user host device, a sender hardware address that correspond to a hardware address of the user host device, and a target IP address that corresponds to the IP address of the home gateway, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

90.    Upon information and belief, the MikroTik Routers respond to the ARP request packet by transmitting over the communications path an ARP response packet that includes at least a sender IP address that corresponds to the IP address of

the home gateway, a sender hardware address that corresponds to a hardware address of the foreign gateway, a target IP address that corresponds to the IP address of the user host device, and a target hardware address that corresponds to the hardware address of the user host device, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

91.    Upon information and belief, the MikroTik Routers receive a network packet transmitted from the user host device, wherein the network packet comprises at least a target IP address that is different from the IP address of the home gateway and a target hardware address that corresponds to the hardware address of the foreign gateway, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

92.    Upon information and belief, Defendant MikroTik has knowledge of Nomadix's patents, including the '995 patent, at least based on receiving notice of patents in the same patent family in 2012. Upon further information and belief, through the knowledge of the '995 patent gained by monitoring Nomadix's patents, Defendant MikroTik knew or should have known that these activities would infringe. Defendant MikroTik also had knowledge of the '995 patent no later than the filing of this Complaint.

93.    Upon information and belief, Defendant MikroTik has actively induced others to infringe the '995 patent by marketing and selling the above MikroTik Routers, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '995 patent. To that end, Defendant MikroTik provides instructions and teachings to its customers and end users that

-21-

such MikroTik Routers be used to infringe the '995 patent. Defendant MikroTik's acts constitute infringement of the '995 patent in violation of 35 U.S.C. § 271(b).

94.     Upon information and belief, Defendant MikroTik actively induces others to directly infringe the asserted claims of the '995 patent. By way of example only, upon information and belief, Defendant MikroTik actively induces direct infringement of the '995 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of MikroTik Routers. Upon information and belief, Defendant MikroTik knew or should have known that these activities would cause direct infringement.

95.     Upon information and belief, Defendant MikroTik's acts constitute contributory infringement of the '995 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant MikroTik contributorily infringes because, among other things, Defendant MikroTik offers to sell and/or sells within the United States, and/or imports into the United States, components of MikroTik Routers that constitute material parts of the invention of the asserted claims of the '995 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant MikroTik to be especially made or especially adapted for use in an infringement of the '995 patent.

96.     Defendants Microcom, Creative Wireless, and Global IT are among the parties whose direct infringement MikroTik has induced or contributed to.

97.     Upon information and belief, Defendant MikroTik's infringement of the '995 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '995 patent and its infringement thereof, thus acting in reckless disregard of Nomadix's patent rights.

98.     Because of Defendants' infringement of the '995 patent, Nomadix has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

99.   Upon information and belief, unless enjoined, Defendants, and/or others acting on behalf of Defendants, will continue their infringing acts, thereby causing additional irreparable injury to Nomadix for which there is no adequate remedy at law.

## X.  COUNT V:

## INFRINGEMENT OF U.S. PATENT NO. 7,088,727

100.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 99.

101.   MikroTik's products including at least the MikroTik Routers infringe at least Claim 11 of the '727 patent under at least 35 U.S.C. § 271(a), (b), and (c).

102.   Defendants have directly infringed one or more claims of the '727 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of networking devices, including the MikroTik Routers.

103.   For example, in operation, the MikroTik Routers include all of the limitations of Claim 11 of the '727 patent.

104.   Upon information and belief, the MikroTik Routers provide access to a network utilizing private IP addresses for a user device having an incompatible private IP address, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

105.   Upon information and belief, the MikroTik Routers intercept data transmitted by the user device containing the incompatible private IP address, modify the data using a private IP address compatible with the network private IP addresses, and transmit the modified data on the network, such as described in the following webpage:

https://wiki.mikrotik.com/wiki/Manual:Hotspot_Introduction

106.   Upon information and belief, Defendant MikroTik has knowledge of Nomadix's patents, including the '727 patent, at least based on receiving notice of patents in the same patent family in 2012. Upon further information and belief, through the knowledge of the '727 patent gained by monitoring Nomadix's patents, Defendant MikroTik knew or should have known that these activities would infringe. Defendant MikroTik also had knowledge of the '727 patent no later than the filing of this Complaint.

107.   Upon information and belief, Defendant MikroTik has actively induced others to infringe the '727 patent by marketing and selling the above MikroTik Routers, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '727 patent. To that end, Defendant MikroTik provides instructions and teachings to its customers and end users that such MikroTik Routers be used to infringe the '727 patent. Defendant MikroTik's acts constitute infringement of the '727 patent in violation of 35 U.S.C. § 271(b).

108.   Upon information and belief, Defendant MikroTik actively induces others to directly infringe the asserted claims of the '727 patent. By way of example only, upon information and belief, Defendant MikroTik actively induces direct infringement of the '727 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of MikroTik Routers. Upon information and belief, Defendant MikroTik knew or should have known that these activities would cause direct infringement.

109.   Upon information and belief, Defendant MikroTik's acts constitute contributory infringement of the '727 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant MikroTik contributorily infringes because, among other things, Defendant MikroTik offers to sell and/or sells within the United States, and/or imports into the United States, components of MikroTik Routers that constitute material parts of the invention of the asserted claims of the '727 patent,

are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant MikroTik to be especially made or especially adapted for use in an infringement of the '727 patent.

110.   Defendants Microcom, Creative Wireless, and Global IT are among the parties whose direct infringement MikroTik has induced or contributed to.

111.   Upon information and belief, Defendant MikroTik's infringement of the '727 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '727 patent and its infringement thereof, thus acting in reckless disregard of Nomadix's patent rights.

112.   Because of Defendants' infringement of the '727 patent, Nomadix has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

113.   Upon information and belief, unless enjoined, Defendants, and/or others acting on behalf of Defendants, will continue their infringing acts, thereby causing additional irreparable injury to Nomadix for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants for the following relief:

A.   Pursuant to 35 U.S.C. § 271, a determination that Defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them have infringed each of the '554, '894, '246, '995, and '727 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

B.   Pursuant to 35 U.S.C. § 283, an injunction enjoining Defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '554, '894, '246, '995, and '727 patents through the manufacture, use, importation, offer for sale, and/or sale of

infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

C.    Pursuant to 35 U.S.C. § 284, an award compensating Plaintiff for Defendants' infringement of the '554, '894, '246, '995, and '727 patents through payment of not less than a reasonable royalty on Defendants' sales of infringing products;

D.    Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Defendants' infringement of each of the '554, '894, '246, '995, and '727 patents in view of the willful and deliberate nature of the infringement;

E.    Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

F.    An assessment of prejudgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284; and

G.    Such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: December 2, 2019      /s/ *Douglas G. Muehlhauser*
Douglas G. Muehlhauser
Mark Lezama
Attorneys for Plaintiff
NOMADIX, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nomadix hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 2, 2019          /s/ *Douglas G. Muehlhauser*

Douglas G. Muehlhauser
Mark Lezama
Attorneys for Plaintiff
NOMADIX, INC.