| | |
|---|---|
| 1 | Douglas G. Muehlhauser (SBN 179495) |
| | doug.muehlhauser@knobbe.com |
| 2 | Perry D. Oldham (SBN 216,016) |
| | Perry.oldham@knobbe.com |
| 3 | Mark Lezama (SBN 253479) |
| | mark.lezama@knobbe.com |
| 4 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | 2040 Main Street, Fourteenth Floor |
| 5 | Irvine, CA 92614 |
| | Telephone: 949-760-0404 |
| 6 | Facsimile: 949-760-9502 |
| 7 | Attorneys for Plaintiff |
| | NOMADIX, INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No. CV19-10202 DDP (Ex) |
| Plaintiff, | **NOMADIX'S BRIEF IN SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANT GLOBAL IT COMMUNICATIONS, INC. THROUGH THE CALIFORNIA SECRETARY OF STATE AND FOR EXTENSION OF TIME TO EFFECT SERVICE** |
| v. | |
| SIA MIKROTĪKLS; MICROCOM TECHNOLOGIES, INC.; CREATIVE WIRELESS, INC.; and GLOBAL IT COMMUNICATIONS, INC., | |
| Defendants. | |
| | Honorable Dean D. Pregerson |

Plaintiff Nomadix hereby moves for (i) entry of an order authorizing service of process on Defendant Global IT Communications, Inc. ("Global IT") through the California Secretary of State in accordance with California Corporation Code § 1702, and (ii) an extension of time to effect service under Fed. R. Civ. P. 4(m).

## I. BACKGROUND

Nomadix filed its Complaint on December 2, 2019, naming Global IT as a defendant. The Clerk of Court issued the operative summons to Global IT (Doc. 9) on December 4, 2019.

Global IT is a corporation registered with the California Secretary of State. (Oldham Decl. Ex. 1.) Its status is listed as "active." (*Id.*) Global IT filed a Statement of Information with the Secretary of State on November 16, 2015 that provided the following information:

- The street address of its principal executive office is 6720 Bright Ave., Whittier, CA 90601.
- Tony Williams is the Chief Executive Officer, with an address at 14067 Summit Drive, Whittier, CA, 90602.
- Jayme Williams is the Secretary, Chief Financial Officer, and Agent for Service of Process, with an address at 14067 Summit Drive, Whittier, CA, 90602.

(Oldham Decl. Ex. 2.) Global IT filed another Statement of Information with the Secretary of State on October 14, 2019, that stated there has been no change in any of the information contained in the prior Statement of Information. (Oldham Decl. Ex. 3.) The above information relating to service of process is also listed on the Secretary of State web page for Global IT. (Oldham Decl. Ex. 1.)

## II. NOMADIX'S ATTEMPTS TO SERVE GLOBAL IT

On January 22, 2020, process server Sandra Felix of ProLegal attempted service at the address listed for service located at 14067 Summit Drive, Whittier, CA, 90602, which is also listed as the address of Tony Williams and Jayme

-2-

Williams. (Felix Decl. ¶ 2.) The address appears to be a residence. (*Id.*) No one answered the door. (*Id.*)

On January 24, Ms. Felix attempted service again at 14067 Summit Drive. (*Id.* ¶ 3.) There was again no answer. (*Id.*) She tried again on January 25, with the same result. (*Id.* ¶ 4.)

On January 30, Ms. Felix attempted service at the principal executive office located at 6720 Bright Avenue, Whittier, CA. (*Id.* ¶ 5.) The business was closed and locked, an no one answered the door. (*Id.*) She tried again on February 3 and 4, with the same result. (*Id.* ¶¶ 6–7.)

On February 15, Ms. Felix went back to 14067 Summit Drive in Whittier to attempt service once more. (*Id.* ¶ 8.) Once again, there was no answer. She tried the same address once more on February 17, with the same result. (*Id.* ¶ 9.)

Nomadix thus attempted service at the two known different addresses for Global IT on eight different days.

### III. APPLICABLE LAW

The Federal Rules of Civil Procedure provide for service on a corporation in a U.S. judicial district either by delivering a copy of the summons and complaint to an officer, managing or general agent, or agent authorized to accept service, or by following the rules for serving an individual. *See* Fed. R. Civ. P. 4(h)(1). The Federal Rules for service of an individual permit "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under California law, a corporation may be served through the following categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation, (3) a cashier or assistant cashier of a banking corporation, and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code Section 1702." *Gibble v.*

*Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 303 (1998) (citing Cal. Civ. Proc. Code § 416.10). That is, "the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service." Cal. Corp. Code. § 1702(a). However, before resorting to service on the Secretary of State, "a plaintiff must demonstrate that the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Durant v. Jones Fire Prot., Inc.*, No. 16cv2243-GPC (NLS), 2016 U.S. Dist. LEXIS 173785, at *4 (S.D. Cal. Dec. 15, 2016). Service of process on the Secretary of State is deemed complete on the tenth day after delivery thereto. Cal. Corp. Code. § 1702(a).

## IV.  GLOBAL IT CANNOT BE SERVED EXCEPT VIA THE SECRETARY OF STATE

Nomadix has exercised reasonable diligence in attempting to service Global IT. Its server attempted service eight different times using all known addresses for the company and executive officers who might possibly be authorized to accept service. Despite these efforts, Nomadix was not able to serve Global IT under the methods prescribed by the Federal Rules and California law.

## V.  REQUEST FOR EXTENSION OF TIME TO SERVE GLOBAL IT

Under Fed. R. Civ. P. 4(m), if a plaintiff fails to serve a domestic defendant within 90 days of filing the complaint, the plaintiff may move for an extension of time to effect service for good cause shown. For all of the reasons explained above regarding its reasonable diligence in attempting to serve Global IT, there is good cause for extending the time for service to enable Nomadix to effect service on the Secretary of State, and respectfully requests that the Court grant the extension. If the Court grants Nomadix's motion, Nomadix will promptly serve the Secretary of State.

Nomadix has diligently pursued service of the remaining defendants. Nomadix has already served Microcom Technologies, Inc., and Creative Wireless, Inc. The final defendant, Sia Mikrotīkls ("MikroTik"), is a Latvian company to which Rule 4(m) does not apply. Nomadix has submitted an application for service under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters to the Latvian Central Authority for receiving such applications.

                              Respectfully submitted,

                              KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 2, 2020        /s/ *Perry D. Oldham*
                                          Douglas G. Muehlhauser
                                          Perry D. Oldham
                                          Mark Lezama

                                          Attorneys for Plaintiff
                                          NOMADIX, INC.

32346042