IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SIA MIKROTĪKLS; MICROCOM TECHNOLOGIES, INC.; CREATIVE WIRELESS, INC.; and GLOBAL IT COMMUNICATIONS, INC.,<br><br>    Defendants. | Case No.<br>CV19-10202 DDP (Ex)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Charles F. Eick |

**ORDER AND STATEMENT OF GOOD CAUSE**

The parties agree that disclosure and discovery activities in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure would be warranted. Such information likely will include, among other things, sensitive product information, product-design and development materials, engineering materials, marketing and sales information, purchase orders, invoices, distributor information, and customer information relating to network gateway devices and high-speed Internet access services.

Each party wishes to ensure that such confidential information shall not be made public by the other party beyond the extent necessary for purposes of this action. The parties therefore seek to facilitate the production and protection of such information. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Protective Order does not itself establish entitlement to file confidential information under seal.

Good cause exists to enter the instant Protective Order to protect such confidential information from public disclosure. The confidential information includes information that could be used by actual or potential competitors to gain a competitive advantage in the marketplace. Moreover, the parties are themselves competitors.

Accordingly, based upon the parties' agreement and for good cause shown,

IT IS HEREBY ORDERED that whenever in the course of these proceedings any party or nonparty has occasion to disclose information deemed in good faith to

constitute confidential information, the parties and any such nonparty shall employ the procedures set forth below.

## DEFINITIONS

1. The term "document" includes everything covered by the terms *document* and *electronically stored information* appearing in Federal Rule of Civil Procedure 34(a) and includes everything covered by the terms *writing*, *recording*, and *photograph* defined in Federal Rule of Evidence 1001.

2. The term "Litigation Material" encompasses all documents, tangible things, exhibits, excerpts, summaries, pleadings, reports, declarations, affidavits, testimony, transcripts, interrogatory responses, admissions, and any other discovery material.

3. The term "Producing Party" refers to any party or nonparty to this Action that provides Litigation Material.

4. The term "Receiving Party" refers to any party or nonparty that receives, is shown, or is otherwise exposed to Litigation Material.

5. The term "Action" refers to the above-captioned action.

6. The term "Termination of this Action" refers to the completion of this Action through exhaustion of all appeals from orders and final judgments or through settlement by the parties.

## DESIGNATIONS

7. Any Producing Party may designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Protective Order.

8. The terms "Confidential Material" and "Highly Confidential – Attorneys' Eyes Only Material" refer to: any Litigation Material designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only," respectively; any copies thereof; and the information contained in such Litigation Material or such copies, including summaries of such information. The term "Protected Material"

refers collectively to Litigation Material that is Confidential Material or Highly Confidential – Attorneys' Eyes Only Material.

## DESIGNATION PROCEDURE

9. The designation of any Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be effective until the Court orders otherwise or the Producing Party revokes the designation pursuant to paragraph 35.

10. To designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," a Producing Party shall, when practicable, place the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively, clearly on each page or portion of the Litigation Material the Producing Party seeks to protect pursuant to this Protective Order. In particular, electronic documents, documents in native format, and data shall be so marked when practicable; and when not practicable, the disks, hard drives, or other media containing such documents or data shall be appropriately marked.

11. If, during any deposition in this Action, (i) a Producing Party's Protected Material is disclosed or discussed or (ii), with respect to a given Producing Party, some of the deposition testimony otherwise qualifies for a confidentiality designation pursuant to any of paragraphs 14 through 15, the Producing Party may designate portions of the deposition testimony (including exhibits) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the record or by providing written notice to the reporter and all counsel of record of any portion of the transcript or exhibits containing Protected Material, and the corresponding designation(s). If written notice is provided, such notice by the Producing Party shall be given no later than ten (10) business days after the Producing Party receives written notice that a final transcript is available for review, in which case all counsel receiving such notice from the Producing Party shall be responsible for marking the corresponding materials in their possession or control as directed by the Producing Party.

12. If deposition testimony is designated pursuant to paragraph 11, one of the following legends, some combination thereof, or a legend substantially similar to the same shall be placed on the front of any transcript or recording of such deposition:

> Contains CONFIDENTIAL MATERIAL

or

> Contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

13. Unless portions of the deposition transcript are designated on the record, from the time of any deposition through the end of eleven (11) business days after a final transcript of the deposition is made available by a reporter, the deposition (including exhibits) and any transcript or recording thereof shall be treated as Highly Confidential – Attorneys' Eyes Only Material. At the end of the eleven (11) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to paragraph 11 (and in the case of an exhibit, also except to the extent the exhibit was designated Protected Material before the deposition).

## DESIGNATION QUALIFICATIONS

14. Litigation Material may be designated "Confidential" if it is or contains: (a) information that is nonpublic; (b) information that includes trade-secret or other confidential research, development, or commercial information, the disclosure of which the Producing Party reasonably believes could harm the business operations of the Producing Party or provide improper business or commercial advantage to others; or (c) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

15. Litigation Material may be designated "Highly Confidential – Attorneys' Eyes Only" if it is or contains nonpublic information so commercially

sensitive that disclosure of the information to persons who are not outside litigation counsel would likely harm the competitive commercial position of the Producing Party or another entity to whom the Producing Party owes an obligation of confidentiality. The following are sample categories, without limitation, of Litigation Material that in many cases will qualify for the "Highly Confidential – Attorneys' Eyes Only" designation:

    a.    documents that describe the structure or operation of a Producing Party's existing products or products in development, including schematic diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, software-design documentation, system-architecture documentation, research notes and materials, and other technical descriptions or depictions;

    b.    documents relating to a Producing Party's prosecution of (i) unpublished patent applications or (ii) patents that have not yet issued and that contain claims that are not publicly known;

    c.    licensing and/or settlement-related documents, including, but not limited to, communications with or between potential or actual licensors and licensees;

    d.    financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, return on investment, capital expenditures, yields, utilization, or similar benchmarks;

    e.    customer lists;

    f.    business, strategy, or marketing plans;

    g.    pricing information;

    h.    information obtained from a nonparty pursuant to a nondisclosure agreement;

    i.    agreements with any nonparty, including OEMs, suppliers, distributors, and customers;

      j.      negotiations related to the sale of any product manufactured or sold by a party, including data related to negotiations or sales opportunities;

      k.      budgets, forecasts, and projections; and

      l.      documents or things generated during the course of, or as a result of, an inspection of portions of a Producing Party's facilities normally closed to the public.

## DISCLOSURE

16.    Subject to the restrictions of paragraphs 17 through 18, a Receiving Party may disclose Protected Material to:

      a.      its own "Outside Counsel," i.e., the law firms that are counsel of record for the Receiving Party, including the firms' associated attorneys, law clerks, analysts, paralegals, secretaries, translators, clerical staff and other persons regularly employed by such law firm(s), and any temporary personnel retained by such law firm(s) to perform legal or clerical duties or to provide logistical litigation support reasonably necessary to assist in the conduct of this Action—including service contractors (such as document copy services) and graphic artists—provided that no person who is now or becomes a director, officer, employee, or in-house attorney of a party during the pendency of this Action shall be considered Outside Counsel;

      b.      Outside Counsel for any party in this action;

      c.      up to three designated employees of the Receiving Party deemed necessary by the Receiving Party's Outside Counsel to supervise or aid in the prosecution, defense, or settlement of this Action, but the Receiving Party may not begin to disclose Protected Material to any such employee until ten (10) business days after serving on the other parties' counsel a copy of the confidentiality agreement attached to this Protective Order as Exhibit A signed by such employee;

      d.    outside experts and consultants (together with their associates and clerical staff whose duties and responsibilities require access to Protected Material) specifically engaged by the Receiving Party or its Outside Counsel to assist in the Action, subject to the following: the Receiving Party may disclose Protected Material to such an expert or consultant only to the extent necessary to receive such assistance and, in the event that no objection is made pursuant to paragraph 33, may not begin to disclose Protected Material until ten (10) business days after serving on the other parties' counsel (i) a copy of the confidentiality agreement attached to this Protective Order as Exhibit A signed by such expert or consultant, (ii) a curriculum vitae of the proposed expert or consultant, including the expert or consultant's present business address(es), and (iii) identification of the expert or consultant's past and current employment and consulting relationships, including through entities owned or controlled by the expert or consultant, during the past four (4) calendar years, including an identification of the subject matter of any work performed in the course of such employment or consulting and the name of each person or entity who employed or used the services of the expert or consultant, unless the employment or consulting was confidential or subject to non-disclosure agreements that preclude disclosure of such information,; a list of cases in which the expert has testified at deposition or trial within the last four (4) calendar years, except those subject to non-disclosure agreements that preclude disclosure of such information.  Where an expert or consultant is unable to disclose prior employment or identify a case where the expert or consultant has testified at deposition or trial due to confidentiality or a non-disclosure agreement, the expert or consultant will provide a general description of the technology and subject matter involved in order for the Producing Party to assess any potential conflicts, unless providing such general description would violate or is prohibited by an agreement. In the

event an objection is made pursuant to paragraph 33, the Receiving Party may not begin to disclose Protected Material to any such expert or consultant until the Receiving Party and the objecting entity resolve their dispute as memorialized in writing or the Court denies the objecting entity's motion brought pursuant to paragraph 33;

  e. jury consultants, trial consultants, or mock jurors specifically engaged by the Receiving Party or its Outside Counsel to assist in the Action, subject to the following: (i) the Receiving Party may disclose Protected Material to a jury consultant, trial consultant, or mock juror only to the extent necessary to receive jury, trial, or mock-juror assistance; (ii) the Receiving Party may begin to disclose Protected Material to the jury consultant, trial consultant, or mock juror only after the individual has signed a copy of the confidentiality agreement attached to this Protective Order as Exhibit A, which copy the Receiving Party shall preserve for one (1) calendar year after the Termination of this Action, and, with respect to mock jurors, the Producing Party has provided express written consent which shall not be unreasonably withheld; (iii) any Protected Material in the form of physical documents or materials distributed to mock jurors under this subparagraph shall be retained by the Receiving Party at the time the mock jurors' assistance has been completed; and (iv) any jury consultant, trial consultant, or mock juror to whom Protected Material is disclosed by the Receiving Party shall not be an officer, director, employee, or in-house attorney of the Receiving Party unless identified pursuant to subparagraph (c);

  f. any court reporter, shorthand reporter, court typist, or interpreter recording, transcribing, or translating testimony given in this Action;

  g. authors, actual recipients, and named recipients (as expressly identified on the face of such Litigation Material) of such Litigation Material, even if such authors or recipients are not currently employed by any party;

      h.    the Producing Party, including any person affiliated with the Producing Party for purposes of this litigation (such as experts and designees under Federal Rule of Civil Procedure 30(b)(6));

      i.    the Court and all appropriate courts of appellate jurisdiction, including these courts' personnel;

      j.    jurors serving in any trial of this Action; and

      k.    any other person agreed to by the Producing Party in writing.

17.    A Receiving Party may disclose Confidential Material only to the persons or entities identified in paragraphs 16(a) through 16(k).

18.    A Receiving Party may disclose Highly Confidential – Attorneys' Eyes Only Material only to the persons or entities identified in paragraphs 16(a) through 16(b), and 16(d) through 16(k).

19.    Upon learning during the pendency of this Action or within one hundred eighty (180) calendar days of the Termination of this Action that the information provided pursuant to paragraph 16(d) was inaccurate or incomplete with respect to a given individual at the time such information was provided to the Producing Party, a Receiving Party shall, for any Producing Party whose Protected Material the Receiving Party disclosed to the individual, notify the Producing Party of such inaccuracy or incompleteness as well as the information the Receiving Party learned that led to the awareness of such inaccuracy or incompleteness.

20.    If Protected Material is to be disclosed during a deposition, any persons present at the deposition who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

21.    Notwithstanding the foregoing, if Protected Material makes reference to the actual or alleged conduct or statements of a person who will be a witness, counsel for the Receiving Party may discuss the conduct or statements with the

witness without revealing any other portion of the Protected Material, and that discussion shall not constitute disclosure in violation of this Protective Order.

## SECURITY

22. Nothing in this Protective Order imposes any obligation on a Producing Party regarding the security, maintenance, storage, transport, or transmission of its own Protected Material.

23. To the extent any Receiving Party (apart from the persons identified in paragraph 16(i)) maintains Protected Material, the Receiving Party shall maintain the Protected Material in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information.

24. To the extent any Receiving Party (apart from the persons identified in paragraph 16(i)) discards or destroys Protected Material, the Receiving Party shall make reasonable efforts to do so in a secure manner.

## USE AND RETURN OR DESTRUCTION

25. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Protected Material in any way.

26. If a Receiving Party wishes to file any papers with the Court containing Protected Material, the Receiving Party must move to seal the papers or portions thereof containing Protected Material (if such portions are segregable) in accordance with Local Rule 79-5.2.2. Such motion shall be directed to the judge to whom the papers are directed.

27. The parties shall discuss in good faith measures to be taken during pretrial and trial of the Action to protect confidentiality in accordance with this Protective Order consistent with the right of the parties to present all necessary and appropriate evidence in the Action. Nothing in this Protective Order prevents any party from using or offering into evidence any Protected Material at any hearing,

trial, or subsequent proceeding in this Action. This Protective Order does not limit the admissibility of any evidence.

28.     Within ninety (90) calendar days of the Termination of this Action, all parties, persons, and entities (including experts and consultants) who received Protected Material shall make a good-faith effort to destroy or return to Outside Counsel for the Producing Party all Protected Material and any copies of such Protected Material, with the exception that Outside Counsel for a party (i.e., a party to this Action) may retain electronic copies and a single paper copy of any of the following kinds of Litigation Material containing Protected Material: correspondence and legal files; papers served or filed in this Action (including discovery papers such as expert reports); transcripts; trial and deposition exhibits; and items introduced at trial of this Action. Outside Counsel may also retain any working files, emails, or email folders containing such materials. Outside Counsel need not purge their document-management systems or archives. Within one hundred twenty (120) calendar days of the Termination of this Action, any Receiving Party shall certify in writing to any Producing Party that, to the best of the Receiving Party's knowledge, all Protected Material it received from the Producing Party, except as specifically identified in this paragraph, has been returned or destroyed.

## OBJECTIONS

29.     A Receiving Party or other interested person may object to the designation given by the Producing Party to any Protected Material. The process for making such an objection and for resolving the dispute shall be as follows:

   a.     The objecting entity shall notify the Producing Party in writing as to its objections to the designation. This notice shall, at a minimum, specifically identify the designated material objected to, as well as the reasons for the objections.

   b.     Within ten (10) business days of the Producing Party's receipt of such notice, the objecting entity and Producing Party shall confer in person or

by telephone in a good-faith effort to resolve the dispute and shall permit any other person interested in maintaining the Protected Material's designation to participate in the conference.

  c. If the conference does not resolve the dispute, the objecting entity may bring a noticed motion to the Court pursuant to Local Rule 37 for a ruling that the Protected Material is not entitled to the designation given by the Producing Party or is entitled to a designation receiving greater protection under this Protective Order than that given by the Producing Party.

  30. Notwithstanding any such challenge to the designation of Protected Material, all Protected Material shall retain its status as Protected Material with such designation until (a) the Producing Party revokes the designation pursuant to paragraph 35 or (b) the Court rules that the designation is not proper and orders that the designation be removed, possibly to be replaced with a different designation.

  31. In any challenge to the designation of Protected Material, the entity seeking protection (or greater protection) for the Litigation Material (in most cases, the Producing Party) shall have the burden of establishing that the Litigation Material is entitled to the protection sought, including, for example, the burden of establishing that, pursuant to paragraphs 14 through 15, the Litigation Material is entitled to the designation that the Producing Party gave it. To the extent that the objecting entity contends that the Protective Order does not apply to the contested Litigation Material for any of the reasons set forth in paragraph 40, the objecting entity shall have the burden of establishing its contention.

  32. Nothing in this Protective Order requires a Receiving Party or other interested person to challenge the propriety or correctness of the designation of Protected Material immediately; a failure to challenge by a given date does not preclude a subsequent challenge to such designation.

  33. A Producing Party or other interested person may object to the proposed disclosure of Protected Material to any person described in paragraph 16(d). The

process for making such an objection and for resolving the dispute shall be as follows:

  a. Within ten (10) business days of receiving the Receiving Party's written notice described in paragraph 16(d), the objecting entity shall notify the Receiving Party in writing as to its objections to the proposed disclosure. This notice shall, at a minimum, specifically identify the person objected to, as well as the reasons for the objections.

  b. Within ten (10) business days of the Receiving Party's receipt of such notice, the objecting entity and Receiving Party shall confer in person or by telephone in a good-faith effort to resolve the dispute.

  c. If the conference does not resolve the dispute, the objecting entity may bring a noticed motion to the Court pursuant to Local Rule 37-2 for an order prohibiting the proposed disclosure; the objecting entity must complete the Local Rule 37-2 process and file the motion within ten (10) calendar days of the parties' conference and must set the motion for hearing on the earliest possible date.

  d. The Receiving Party may not disclose Protected Material to the person objected to until, and only to the extent to which, (i) the Receiving Party and objecting entity resolve their dispute as memorialized in writing, (ii) the Court denies the objecting entity's motion, or (iii) the objecting entity fails to file a motion adhering to the time limits of paragraph 33(c).

34. Any such challenge to the disclosure of Protected Material to a person identified pursuant to paragraph 16(d) may not be made or renewed absent a showing of good cause.

35. Any Producing Party that has designated any Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order may revoke such designation and relinquish the accompanying protections provided by this Protective Order by so notifying counsel for the

Receiving Party in writing or by so stating on the record at any hearing or deposition. Any such revocation and relinquishment will not prejudice or otherwise affect the right any other party or nonparty may have to designate the same Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Upon so revoking and relinquishing, the Producing Party may re-designate the Litigation Material with a designation receiving less protection under this Protective Order than the original designation, in which case, unless the Producing and Receiving Parties agree otherwise, the Producing Party shall produce substituted, re-designated copies of the Litigation Material.

## INADVERTENT DISCLOSURE OR FAILURE TO DESIGNATE

36. A Producing Party that inadvertently failed to designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall correct its failure within a reasonable time upon discovery of such inadvertent disclosure by providing written notice of the error and substituted, correctly designated copies of the inadvertently produced Litigation Material. Any Receiving Party provided with such notice shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated Litigation Material, including copies disclosed or provided to others, as well as any notes or other materials relating to the incorrectly designated Litigation Material that this Protective Order would not have permitted had the Litigation Material been correctly designated. The Receiving Party will not have violated, and will not be liable under, this Protective Order by relying on the incorrect designation (including the absence of any designation), including by, prior to receiving written notice of the error, disclosing the Litigation Material or any information contained therein consistent with this Protective Order and the incorrect designation.

37. In the event a Receiving Party inadvertently discloses Protected Material to a person not qualified to receive the information under the Protective Order, such Receiving Party shall, upon learning of the disclosure: (a) promptly

notify such unqualified person that the Protected Material contains confidential information subject to this Protective Order; (b) promptly use reasonable efforts to retrieve the disclosed Protected Material from such unqualified person and any notes or other materials relating to the disclosed Protected Material and have such person execute the confidentiality agreement attached as Exhibit A to this Protective Order; (c) promptly make all reasonable efforts to preclude further dissemination or use by such unqualified person; and (d) bring all pertinent facts relating to such disclosure to the attention of the Producing Party within three (3) business days of learning of the inadvertent disclosure.

## EXEMPTIONS

38. Nothing in this Protective Order authorizes any entity to disobey any lawful request, subpoena, or order by any court or any federal, state, or foreign governmental agency. However, if another person, court, or any federal, state, or foreign governmental agency requests, subpoenas, or orders the production of Protected Material from any entity subject to this Protective Order, that entity shall promptly notify the Producing Party in writing of the request, subpoena, or order, so that the Producing Party may have an opportunity to appear and be heard on whether the Protected Material should be disclosed. Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the entity receiving the request, subpoena, or order shall not produce the material in dispute so long as it may lawfully refuse.

39. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced in this Action. But in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the contents of

Protected Material produced by any other Producing Party except as otherwise permitted by this Protective Order.

40. None of the provisions of this Protective Order shall apply to Litigation Material that:

    a. is or was available to the public at or before the time of its production hereunder;

    b. becomes available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

    c. was known to, or is shown to have been independently developed by, the Receiving Party before its production hereunder without use or benefit of the produced Litigation Material;

    d. is obtained outside this Action by the Receiving Party from the Producing Party without having been designated as confidential, provided, however, that this provision does not disturb any preexisting obligation of confidentiality;

    e. is obtained by the Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

    f. was previously produced, disclosed, or otherwise provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

**MISCELLANEOUS PROVISIONS**

41. Nothing in this Protective Order precludes any Producing Party from seeking additional protection of information, including, for example, an order that certain matters may not be discovered at all.

42. Nothing in this Protective Order precludes any Receiving Party from seeking modification of or relief from this Protective Order.

43. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery. Nor does this Protective Order relieve any Producing Party of the obligation of producing information in the course of discovery.

44. All notices required by this Protective Order are to be made by email to Outside Counsel representing the noticed party or nonparty. The date by which a party or nonparty receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party or nonparty that is otherwise to be noticed.

45. The terms of this Protective Order shall survive and remain in effect after the Termination of this Action. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

**IT IS SO ORDERED.**

Dated: 11/22/2021

/s/ CHARLES F. EICK
_____
Honorable Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

I have read and understand the Protective Order entered on _____, 2021, in the matter of *Nomadix, Inc. v. SIA Mikrotīkls et al.*, Case No. CV19-10202 DDP (Ex), and agree to be bound by and to comply fully with the terms of such order. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of Protected Material as set forth in the Protective Order. I further understand that failure to comply fully with the terms of such Protective Order may lead to sanctions imposed by the Court. I submit myself to the Court's jurisdiction for purposes of enforcement of the Protective Order.

_____
Date

_____
Signature

_____
Printed Name