FILED
CLERK, U.S. DISTRICT COURT

10/25/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___Vanessa Figueroa___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIA MIKROTĪKLS; MICROCOM TECHNOLOGIES, INC.; CREATIVE WIRELESS, INC.; and GLOBAL IT COMMUNICATIONS, INC., <br><br> Defendants. | Case No. <br> CV19-10202 DDP (Ex) <br><br> **SUPPLEMENTAL PROTECTIVE ORDER** <br><br> Honorable Dean D. Pregerson |

**ORDER AND STATEMENT OF GOOD CAUSE**

Plaintiff Nomadix, Inc., and Defendants SIA Mikrotīkls, Microcom Technologies, Inc., Creative Wireless, Inc., and Global IT Communications, Inc., (collectively, the "Parties"; individually, a "Party") each may possess software source code relating to the subject matter of this action that they deem confidential, that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective Parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The Court has already entered a protective order (Dkt. No. 96, "Main Protective Order") but finds it appropriate to supplement that order.

Accordingly, for good cause as recited above and in the Main Protective Order,

IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any Party has occasion to disclose confidential source code, the Parties shall employ the following procedures:

**DEFINITIONS**

1. All definitions from the Main Protective Order are incorporated herein by reference and are modified only as expressly indicated herein.

2. The term "Supplemental Protective Order" refers to the instant protective order.

3. "Designated Source Code Material" refers to Litigation Material that is designated "Highly Confidential – Source Code – Restricted Access Only" in accordance with this Supplemental Protective Order.

4. "Extracted Source Code Material" refers to Litigation Material that is designated "Extracted Source Code Material – Restricted Access Only" in accordance with this Supplemental Protective Order, as well as to information extracted from Designated Source Code Material and summaries and excerpts of

1  Designated Source Code Material, including hard-copy printouts and PDF exports
2  of Designated Source Code Material.

3      5.    The term "Protected Material" from the Main Protective Order is
4  hereby modified to include Designated Source Code Material and Extracted Source
5  Code Material, and all provisions in the Main Protective Order referring to
6  "Protected Material" are hereby updated accordingly.

7      6.    "Encrypted Media" refers to any physical or virtual media that is
8  encrypted, such as an encrypted hard drive or an encrypted virtual container (e.g.,
9  VeraCrypt container) or an encrypted file format.

## RELATIONSHIP TO MAIN PROTECTIVE ORDER

11      7.    This Supplemental Protective Order supplements the Main Protective
12  Order and is to be interpreted in conjunction with the Main Protective Order. Unless
13  this Supplemental Protective Order specifies otherwise, this Supplemental
14  Protective Order does not override or supplant any provisions in the Main Protective
15  Order. The Court does not intend for this Supplemental Protective Order to conflict
16  with the Main Protective Order; but to the extent the Parties subsequently identify
17  such a conflict, the Producing Party of Litigation Material designated under this
18  Supplemental Protective Order may insist that the Receiving Party adhere to any
19  stricter security measures that this Supplemental Protective Order provides for until
20  the conflict is resolved by the Court.

## DESIGNATIONS

22      6.    Any Producing Party may designate Litigation Material as "Highly
23  Confidential – Source Code – Restricted Access Only" or "Extracted Source Code
24  Material – Restricted Access Only" in accordance with this Supplemental Protective
25  Order.

## DESIGNATION PROCEDURE

27      7.    Paragraphs 9 through 13 of the Main Protective Order apply equally
28  and analogously to Designated Source Code Material and Extracted Source Code

Material and designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" or "Extracted Source Code Material – Restricted Access Only." Paragraph 11 of the Main Protective Order is amended as follows (insertions underlined and deletions struckthrough):

> 11. If, during any deposition in this Action, (i) a Producing Party's Protected Material is disclosed or discussed or (ii), with respect to a given Producing Party, some of the deposition testimony otherwise qualifies for a confidentiality designation pursuant to any of paragraphs 14 through 15, the Producing Party may designate portions of the deposition testimony (including exhibits) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" <u>or "Extracted Source Code Material – Restricted Access Only"</u> ~~on the record or~~ by providing written notice to the reporter and all counsel of record of any portion of the transcript or exhibits containing Protected Material, and the corresponding designation(s); <u>if a deposition exhibit is native-form source code designated as "Highly Confidential – Source Code – Restricted Access Only" or comprises storage media comprising native-form source code designated as "Highly Confidential – Source Code – Restricted Access Only," the Producing Party may similarly designate the exhibit as "Highly Confidential – Source Code – Restricted Access Only" via the same kind of written notice</u>. If written notice is provided, such notice by the Producing Party shall be given no later than ten (10) business days after the Producing Party receives written notice that a final transcript is available for review, in which case all counsel receiving such notice from the Producing Party shall be responsible for marking the corresponding materials in their possession or control as directed by the Producing Party.

9. Paragraph 13 of the Main Protective Order is amended as follows (insertions underlined and deletions struckthrough):

13. ~~Unless portions of the deposition transcript are designated on the record, from~~ <u>From</u> the time of any deposition through the end of eleven (11) business days after a final transcript of the deposition is made available by a reporter, the deposition (including exhibits) and any transcript or recording thereof shall be treated as Highly Confidential – Attorneys' Eyes Only Material<u>, unless the contents of Designated Source Code Material or Extracted Source Code Material – Restricted Access Only were explicitly discussed during the deposition, in which case the deposition (including exhibits) and any transcript thereof shall be treated as Extracted Source Code Material – Restricted Access Only</u>. At the end of the eleven (11) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to paragraph 11 (and in the case of an exhibit, also except to the extent the exhibit was designated Protected Material before the deposition). <u>The parties may agree in writing (e.g., via email) to extend the ten-business-day deadline of paragraph 11 and the eleven-business-day deadline of this paragraph.</u>

10. Designation in conformity with the Main Protective Order and this Supplemental Protective Order shall be made as follows:

a. For information in documentary (including electronically stored information) form (apart from transcripts of depositions): the Producing Party shall affix the legend "Highly Confidential – Source Code – Restricted Access Only" or "Extracted Source Code Material – Restricted Access Only" conspicuously on each page that contains Protected Material.

b. For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

## DESIGNATION QUALIFICATIONS

11. Litigation Material may be designated "Highly Confidential – Source Code – Restricted Access Only" only if it is source code, or a source-code-related file, in native form that constitutes proprietary technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

12. Litigation Material may be designated "Extracted Source Code Material – Restricted Access Only" only to the extent it contains information extracted from Designated Source Code Material or consists of summaries or excerpts of Designated Source Code Material, including hard-copy printouts and PDF exports of Designated Source Code Material.

## DISCLOSURE

12. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Designated Source Code Material and Extracted Source Code Material only to the persons or entities identified in paragraphs 16(a), 16(b), and 16(d) through 16 (k) of the Main Protective Order. A Receiving Party may disclose Designated Source Code Material and Extracted Source Code Material to an individual identified pursuant to paragraph 16(d) of the Main Protective Order only after serving on the Producing Party's counsel a copy of the confidentiality agreement attached to this Supplemental Protective Order as Exhibit B signed by such individual and only after otherwise complying with paragraph 16(d) of the Main Protective Order.

# FORMAT OF PRODUCTION

13. Designated Source Code Material shall be produced as follows:

(a) The Producing Party shall produce the source code and all related files in native format exported from the party's code repository, with each file including all metadata that reasonably can be exported from the repository. If applicable, the source code and related files shall be broken out (in separate directories or drives) by both (1) version number and (2) product name and/or product model number. All files pertaining to a given version/product shall be stored in the same directory or drive, and the directory or drive shall be labeled according to the version number and product name/model. At the request of the Receiving Party, the Producing Party shall identify or supply software and/or programming tools that can be used to view the source code and related files.

(b) The production of source code and related files shall preserve all file names, directory names, and directory structures.

(c) To the extent that total compliance with subparagraphs (a) and (b) would be infeasible or burdensome for a Producing Party with respect to non-source-code documents or information (e.g., with respect to source code management or revision system files), the Producing Party and Receiving Party will discuss solutions wherein the documents or information are produced electronically and reasonably in compliance with subparagraphs (a) and (b). This subparagraph (c) does not exempt production of source code from compliance with subparagraphs (a) and (b).

(d) Subparagraphs (a) through (c) apply to the extent a source-code document or file related to source code is available to the Producing Party in native format. If the document is not available in native format

(because, e.g., it is a printout of source code with handwritten remarks), the document may be produced in accordance with the Parties' agreements, and any orders by this Court, regarding other types of documents.

14. The Receiving Party shall not print paper copies (hard copies) of Designated Source Code Material. The Receiving Party may request from the Producing Party paper copies of limited portions of Designated Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Designated Source Code Material other than electronically.

15. The Producing Party shall provide paper copies of Designated Source Code Material in paper form on watermarked bates numbered paper labeled "Extracted Source Code Material – Restricted Access Only." Counsel for the Producing Party will keep the original printouts and shall provide copies of such original printouts to counsel for the Receiving Party within seven (7) days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated.

16. The Receiving Party may export to PDF format limited portions of Designated Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not create such PDF exports for the purpose of reviewing the Designated Source Code Material in the first instance. Such PDF exports shall be marked with bates numbers and labeled "Extracted Source Code Material – Restricted Access Only."

## SUPPLEMENTAL SECURITY PROVISIONS

17. The Receiving Party may host Extracted Source Code Material in unencrypted form only (1) on any system inside the firewall of a law firm

representing the Receiving Party or (2) inside the system of a professional ESI or deposition vendor retained by Outside Counsel of the Receiving Party. The Receiving Party may host and access Extracted Source Code Material on Encrypted Media on any system on which it is permitted to host or access Highly Confidential – Attorneys' Eyes Only Material.

18. Subject to paragraph 19, the Receiving Party may host Designated Source Code Material only on Encrypted Media. The Receiving Party may not host Designated Source Code Material on a system connected to the Internet except temporarily (no more than 30 minutes at a time) to transmit the Designated Source Code Material to an authorized recipient in accordance with paragraph 22. The Receiving Party may access Designated Source Code only on a system disconnected from the Internet.

19. The Receiving Party may host Designated Source Code Material and Extracted Source Code Material on any media it receives from the Producing Party containing such material or any media with equivalent or greater security. The Receiving Party may make copies of Designated Source Code Material and Extracted Source Code Material as reasonably necessary to litigate this Action, including, for example, for back-up or annotation purposes.

20. When the Receiving Party is done accessing the Designated Source Code Material, it shall store the Designated Source Code Material in a locked container or locked room.

21. The Receiving Party and Producing Party shall each maintain a list of persons who have accessed Designated Source Code Material and shall, upon either's request, exchange such lists up to three times a year during the pendency of the Action.

22. Court filings containing Designated Source Code Material or Extracted Source Code Material may be submitted via the Court's ECF filing system. Otherwise, to the extent that any Designated Source Code Material or Extracted

Source Code Material—including, e.g., expert reports, copies of court filings, and trial demonstratives—is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of an ESI or deposition vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by secure electronic means, such as email using an encrypted, password-protected container (such as a VeraCrypt container, but excluding TrueCrypt containers), or download via encrypted protocols such as HTTPS or SFTP.

## USE OF DESIGNATED SOURCE CODE MATERIAL

23. Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, the Receiving Party may use Designated Source Code Material and Extracted Source Code Material only for purposes of this Action.

24. Nothing in this Supplemental Protective Order shall limit the Producing Party's use of its own documents and information, nor shall it prevent the Producing Party from disclosing its own confidential information, documents or things to any person.

25. Nothing in this Supplemental Protective Order restricts the testimony or other evidence any party may elicit in the course of this Action.

## PROSECUTION BAR

26. Absent written consent from the Producing Party, any individual who receives access to Designated Source Code Material and actually reviews Designated Source Code Material (such individual hereinafter a "Reviewer") shall not draft claims relating to computer networking of patent applications for the Receiving Party after beginning to review Designated Source Code Material and until six months have elapsed since the Reviewer's last review of Designated Source Code Material. Nothing in this Supplemental Protective Order prohibits—

      a.    those of the Reviewer's co-workers, such as associates and partners at a Reviewer's law firm, who have not reviewed Designated Source Code Material from drafting patent claims for the Receiving Party;

      b.    the Reviewer from representing the Receiving Party in any patent-related proceeding in any jurisdiction, such as in *inter partes* review, post-grant review, or reexamination; or

      c.    the Reviewer from discussing the scope of issued or draft claims relative to prior art or specification support, or the impact of claim constructions proposed or adopted in any litigation or other proceeding or communication, with persons who are drafting patent claims for the Receiving Party.

## DURATION

27. To the extent this Supplemental Protective Order permits the Receiving Party to keep copies of tangible or computer-storable Designated Source Code Material and Extracted Source Code Material after the Termination of this Action, the confidentiality obligations with respect to such copies imposed by this Supplemental Protective Order shall remain in effect following the Termination of this Action, or until the Producing Party agrees otherwise in writing or a court order otherwise directs. The confidentiality obligations imposed by this Supplemental Protective Order or the Main Protective Order with respect to intangible information that may reside in the minds or (human) memories of the Receive Party shall terminate six months after the Termination of this Action, or earlier if the Producing Party so agrees in writing or a court order so directs.

## OBJECTIONS

28. Paragraph 33 of the Main Protective Order applies equally and analogously to designations of Litigation Material as "Highly Confidential –Source Code – Restricted Access Only" and the qualifications set forth in paragraph 12 of this Supplemental Protective Order.

## REVOCATION OF DESIGNATION

29. Paragraph 35 of the Main Protective Order applies equally and analogously to Designated Source Code Material and Extracted Source Code Material and designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" or "Extracted Source Code Material – Restricted Access Only."

## INADVERTENT PRODUCTION, DISCLOSURE, OR DESIGNATION

30. Paragraph 36 of the Main Protective Order applies equally and analogously to designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" or "Extracted Source Code Material – Restricted Access Only" and failures to so designate.

31. Paragraph 37 of the Main Protective Order is amended as follows (insertions underlined):

> In the event a Receiving Party inadvertently discloses Protected Material to a person not qualified to receive the information under the Protective Order, such Receiving Party shall, upon learning of the disclosure: (a) promptly notify such unqualified person that the Protected Material contains confidential information subject to this Protective Order; (b) promptly use reasonable efforts to retrieve the disclosed Protected Material from such unqualified person and any notes or other materials relating to the disclosed Protected Material and have such person execute the confidentiality agreement attached as Exhibit A to this Protective Order <u>and Exhibit B to the Supplemental Protective Order if the inadvertently disclosed Protected Material was designated as "Highly Confidential – Source Code – Restricted Access Only" or "Extracted Source Code Material – Restricted Access Only"</u>; (c) promptly make all reasonable efforts to preclude further dissemination or use by such unqualified person; and (d) bring all

pertinent facts relating to such disclosure to the attention of the Producing Party within three (3) business days of learning of the inadvertent disclosure.

### EXEMPTIONS

32. Paragraphs 38 through 40 of the Main Protective Order apply equally and analogously to this Supplemental Protective Order.

### MISCELLANEOUS PROVISIONS

33. All notices required by this Supplemental Protective Order are to be made by email, certified mail, or overnight mail to Outside Counsel representing the noticed Party. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party that is otherwise to be noticed.

34. The Court shall retain jurisdiction to hear disputes arising out of this Supplemental Protective Order.

**IT IS SO ORDERED.**

Dated:  October 25, 2022

_____
Honorable Dean D. Pregerson

**EXHIBIT B**

I have read and fully understand the Main Protective Order entered on November 22, 2021, and the Supplemental Protective Order entered on _____, 2022, in the matter of *Nomadix, Inc. v. SIA Mikrotīkls et al.*, Case No. CV19-10202 DDP (Ex), and agree to be bound by and comply fully with the terms of such orders. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of Protected Material as set forth in the Main Protective Order or the Supplemental Protective Order. I further understand that failure to comply fully with the terms of such Protective Order may lead to sanctions imposed by the Court. I submit myself to the Court's jurisdiction for purposes of enforcement of the Protective Order.

_____     _____
Date                                                                  Signature

_____
Printed Name